1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10  DOREL D. GARRETT,

11                    Plaintiff,            CASE NO. 13-cv-05087 RJB

12        v.                                REPORT AND RECOMMENDATION
                                            ON PLAINTIFF'S COMPLAINT
13  CAROLYN W. COLVIN, Acting
    Commissioner of the Social Security     Noting Date: February 28, 2014
14  Administration,

15                    Defendant.

16

17        This matter has been referred to United States Magistrate Judge J. Richard

18  Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR

19  4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261,

20  271-72 (1976).  This matter has been fully briefed (*see* ECF Nos. 13, 14, 15).

21        Among other things, plaintiff has had heart bypass surgery and degenerative disc

22  disease.  Although examining physicians and health care providers agree that plaintiff has

23  limited ability to sit, stand, and walk for extended periods, and although plaintiff testified

24

that he has significant limitations in his daily activities, the ALJ relied on two reviewing medical consultants' opinions in concluding that plaintiff still was capable of engaging in his former work as a power shovel operator.  The ALJ's conclusions are not based on substantial evidence in the record as a whole and, in part, are based on harmful legal error.  Therefore, this Court recommends that this matter be reversed for further proceedings.

## BACKGROUND

Plaintiff, DOREL GARRETT, was born in 1951 and was 50 years old on the original alleged date of disability onset of July 1, 2002 (*see* Tr. 141). Plaintiff amended his alleged onset date to September 16, 2008 to coincide with his late date of employment (Tr. 51).  Plaintiff completed twelve grades in school (Tr. 47).   Plaintiff has worked as a backhoe/front loader operator, construction worker, forklift operator and has worked doing motel maintenance (Tr. 159).  He last worked doing motel maintenance in Georgia (Tr. 47-48).

Plaintiff has at least the severe impairments of "degenerative disc disease, diabetes, hypertension, hyperlipidemia, obesity, gastroesophageal reflux disease, chronic obstructive pulmonary disease, and coronary artery disease (20 C.F.R. § 416.920(c))" (Tr. 23).

At the time of the hearing, plaintiff was living in a senior citizen home with his fiancée (Tr. 49-50).

PROCEDURAL HISTORY

Plaintiff protectively filed an application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on July 30, 2009 (*see* Tr. 21, 141-44). The application was denied initially in 2009 and following reconsideration in 2010 (Tr. 21, 76-81, 92-98). Plaintiff's requested hearing was held before Administrative Law Judge Verrell Dethloff ("the ALJ") on September 1, 2011 (*see* Tr. 43-59). On December 6, 2011, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr. 18-41).

On January 17, 2013, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review (Tr. 1-7). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in February, 2013 (*see* ECF Nos. 1, 3). Defendant filed the sealed administrative record regarding this matter ("Tr.") on April 19, 2013 (*see* ECF Nos. 10, 11).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ improperly rejected the opinions of plaintiff's treating and examining medical sources; (2) Whether or not the ALJ conducted an improper credibility analysis; (3) Whether or not the ALJ improperly evaluated lay witness statements; and (4) Whether or not the ALJ conducted an improper analysis at steps four and five (*see* ECF No. 13, p. 1).

1

## STANDARD OF REVIEW

2

Plaintiff bears the burden of proving disability within the meaning of the Social

3

Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

4

the fifth and final step of the sequential disability evaluation process. *See Bowen v.*

5

*Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to

6

engage in any substantial gainful activity" due to a physical or mental impairment "which

7

can be expected to result in death or which has lasted, or can be expected to last for a

8

continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A),

9

1382c(a)(3)(A).  A claimant is disabled pursuant to the Act only if claimant's

10

impairment(s) are of such severity that claimant is unable to do previous work, and

11

cannot, considering the claimant's age, education, and work experience, engage in any

12

other substantial gainful activity existing in the national economy. 42 U.S.C. §§

13

423(d)(2)(A), 1382c(a)(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.

14

1999).

15

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

16

denial of social security benefits if the ALJ's findings are based on legal error or not

17

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

18

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

19

1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

20

such "'relevant evidence as a reasonable mind might accept as adequate to support a

21

conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

22

*Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)). Regarding the question of whether or not

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

1  substantial evidence supports the findings by the ALJ, the Court should "review the

2  administrative record as a whole, weighing both the evidence that supports and that

3  which detracts from the ALJ's conclusion.'" *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th

4  Cir. 1995) (*citing Magallanes, supra*, 881 F.2d at 750).

5      In addition, the Court must independently determine whether or not "'the

6  Commissioner's decision is (1) free of legal error and (2) is supported by substantial

7  evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v.*

8  *Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (collecting cases));

9  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (*citing Stone v. Heckler*, 761 F.2d

10  530, 532 (9th Cir. 1985)). According to the Ninth Circuit, "[l]ong-standing principles of

11  administrative law require us to review the ALJ's decision based on the reasoning and

12  actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit

13  what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

14  1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other

15  citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we

16  may not uphold an agency's decision on a ground not actually relied on by the agency")

17  (*citing Chenery Corp, supra*, 332 U.S. at 196). In the context of social security appeals,

18  legal errors committed by the ALJ may be considered harmless where the error is

19  irrelevant to the ultimate disability conclusion when considering the record as a whole.

20  *Molina, supra*, 674 F.3d at 1117-1122; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*,

21  556 U.S. 396, 407 (2009).

22

23

24

1    <u>DISCUSSION</u>

2    **(1)      Whether or not the ALJ improperly rejected the opinions of plaintiff's**

3    **treating and examining medical sources.**

4        The ALJ discounted the opinion of examining orthopedic surgeon Dr. Lynn L.

5    Staker, M.D., who concluded that plaintiff's overall work level should be limited to

6    "sedentary to very light duty level" (Tr. 355).  The ALJ also rejected the opinion of Betty

7    Bennett, ARNP, who provided a physical assessment and concluded that plaintiff's

8    overall work level is "severely limited" and that plaintiff has restricted mobility, agility or

9    flexibility (Tr. 360).  The ALJ concluded that their opinions were "blatantly

10   exaggerated[,] inconsistent with their findings and other opinions are more consistent

11   with the objective medical evidence" (Tr. 32).

12

13       The ALJ did not provide specific findings by either Dr. Staker or Ms. Bennett.

14   Therefore, we are left with simply the broad accusation that they were "blatantly

15   exaggerated" (Tr. 360).  Instead, the ALJ relied on and gave great weight to the opinions

16   of two reviewing physicians hired by the Department of Social and Healthcare Services,

17   Dr. Richard Harden Johnson, M.D., and Dr. Alnoor Virji, M.D., who never examined or

18   treated plaintiff, but who also gave opinions as to plaintiff's physical limitations and

19   concluded that plaintiff had the ability to occasionally lift or carry up to 50 pounds,

20   frequently lift or carry up to 25 pounds and stand and/or walk (with normal breaks) for a

21   total of about six hours in an eight hour work day and sit (with normal breaks) for a total

22   of about six hours in an eight hour work day (Tr. 31 (*citing* Tr. 235-42, 383-90)).

23

24

1   If a treating or examining physician's opinion is contradicted, that opinion can be

2   rejected only "for specific and legitimate reasons that are supported by substantial

3   evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing*

4   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

5   499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

6   thorough summary of the facts and conflicting clinical evidence, stating his interpretation

7   thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)

8   (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

9   Because these conclusions contradict the opinions of examining physician, Dr.

10  Staker, the ALJ must meet an exacting standard.   An examining physician's opinion is

11  "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*,

12  81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(d).  A nonexamining

13  physician's or psychologist's opinion may not constitute substantial evidence by itself

14  sufficient to justify the rejection of an opinion by an examining physician or

15  psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may

16  constitute substantial evidence when it is consistent with other independent evidence in

17  the record." *Tonapetyan v.Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing*

18  *Magallanes, supra*, 881 F.2d at 752).

19  "In order to discount the opinion of an examining physician in favor of the opinion

20  of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons

21  that are supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d

22  1462, 1466 (9th Cir. 1996) (*citing Lester, supra*, 81 F.3d at 831).

Here, the ALJ did not provide a "detailed and thorough summary of the facts and conflicting clinical evidence" that led him to consider Dr. Staker's opinion as "blatantly exaggerated," and an independent review of his report does not reveal any such blatant exaggeration.  Perhaps that is one reason why the 9th Circuit requires details – to assist the reviewing court who is obligated to do an independent review of the record to determine if there is substantial evidence to support the ALJ's conclusion.  In the absence of such explanation, this matter should be reevaluated following remand. The error in the evaluation of the opinions of examining doctor, Dr. Staker, is not harmless error. Had the ALJ credited fully Dr. Staker's opinions, plaintiff's RFC would be assessed differently, thus affecting the ultimate determination regarding disability. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).

Also, the ALJ stated that one of the reasons for accepting the conclusions of the reviewing physician over the examining physician was that the reviewing physicians' conclusion that he could tolerate a full range of medium work was that their opinions "were more consistent with the claimant's reported activities" (Tr. 31).  But plaintiff's reported activities were largely sedentary.  They included attending to his personal care needs, preparing his own meals, watching television, and going grocery shopping (Tr. 29).  The most strenuous activity reported was sitting on his riding mower to mow his lawn (Tr. 29).  There was nothing in these reported activities that included lifting up to 50 pounds, for instance, or standing for 6 hours a day, as would be required by the ALJ's RFC.

1  The ALJ also stated that he relied on these reviewing consultant's opinions

2 because they were based "upon thorough reviews of the claimant's records" (Tr. 31).

3 Yet, the ALJ does not point to any independent evidence in plaintiff's medical records

4 that includes references to plaintiff being able to meet these functional requirements, and

5 the consulting experts' check-box forms do not state what independent records they are

6 relying on to form these opinions.

7  Regarding the opinion of Ms. Bennet, ARNP, the Court notes that evidence from

8 "other medical" sources, that is, lay evidence, can demonstrate "the severity of the

9 individual's impairment(s) and how it affects the individual's ability to function." SSR

10 06-03p, 2006 SSR LEXIS 5 at *4. The Social Security Administration has recognized

11 that with "the growth of managed health care in recent years and the emphasis on

12 containing medical costs, medical sources who are not 'acceptable medical sources,'  . .

13 .  have increasingly assumed a greater percentage of the treatment and evaluation

14 functions previously handled primarily by physicians and psychologists." *Id.* at *8.

15 Therefore, according to the Social Security Administration, opinions from other medical

16 sources, "who are not technically deemed 'acceptable medical sources' under our rules,

17 are important and should be evaluated on key issues such as impairment severity and

18 functional effects." *Id.*

19  As with Dr. Staker's opinions, the ALJ failed to provide any specific findings by

20 Ms. Taylor that were "blatantly exaggerated."  She found, among other things, that he

21 had restricted mobility, agility or flexibility in his ability to balance, bend, climb, crouch,

22 kneel, pull, push, reach, and stoop, and referred to Dr. Staker's orthopedic evaluation for

1   restrictions (Tr. 360).  Therefore, the record shows two examining medical sources

2   verifying plaintiff's physical limitations and, on its face, no apparent blatant

3   exaggeration.  The ALJ's findings in this regard are not supported by substantial evidence

4   in the record.

5          Aside from the opinions of Dr. Staker, and Ms.Taylor, ARNP, whose opinions

6   were rejected by the ALJ, the only other treating or examining medical evidence

7   commented on by the ALJ was the report by plaintiff's treating cardiologist, David

8   Tinker, M.D., who concluded that plaintiff should be able to "return to full levels of

9   activity, including lifting within six months after the claimant's heart surgery" (Tr. 29

10  (*citing*  Tr. 426, 553), 31).  Dr. Tinker, however, made it clear that this was with respect

11  to plaintiff's cardiac issues only and that he was not commenting on plaintiff's orthopedic

12  problems (Tr. 553):  "As a cardiologist, I do not have the background to comment or

13  make recommendations regarding range of motion, grip strength, and repetitive handling,

14  etc. that was requested on the referral form" (*id.)*.

15         Furthermore, Dr. Tinker's report was in August of 2011.  The ALJ's decision was

16  rendered on December 6, 2011.  Although Dr. Tinker noted that typically people resume

17  full activity within six months, later reports indicate that plaintiff did not do so in this

18  case.  After the ALJ's decision, plaintiff was examined and treated by Mandeep Dhawan,

19  M.D. in February of 2012 (Tr. 735).  Apparently, plaintiff saw Dr. Dhawan to focus on

20  "increasing mobility and stability in the lower back and hips" (*id.*).  Dr. Dhawan noted

21  that plaintiff's Function Index Score (Lumbar) is 26% and has low scores in "recreation,

22  lifting/carrying, standing and squatting" (*id.*).  Dr. Dhawan also observed plaintiff's

limitations in sitting, standing and characterized them as "poor" (*id.*). Dr. Dhawan's record was submitted to the Appeals Council. But, apparently, the Appeals Council found this new evidence unpersuasive.

The Court may review new evidence presented first to the Appeals Council when determining whether or not "in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*, 659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)). The Ninth Circuit held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added); s*ee also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) ("[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented *before the agency*") (emphasis added) (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Here, because the ALJ rendered his decision before plaintiff was examined by Dr. Dhawan, his report was not available to the ALJ. This report further highlights orthopedic problems identified by plaintiff with his degenerative disc disease that limited

his functional abilities.  This evidence, if considered by the ALJ, likely would be relevant to the ALJ's disability findings.  Therefore, it should be considered on remand.

In light of the record as a whole, the ALJ's reasons for accepting the reviewing physicians' opinions over the opinions of plaintiff's treating and examining physicians and other health care providers were not supported by substantial evidence in the record.

**(2)     Whether or not the ALJ conducted an improper credibility analysis.**

Plaintiff complains that the ALJ improperly discounted plaintiff's credibility by failing to address plaintiff's back condition and by relying on activities of daily living without evaluating if those activities were transferable to a work setting (*see* ECF No. 13, pp. 15-19).

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence."  *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F.

1  Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986
2  SSR LEXIS 15 at *22.

3      The ALJ's credibility determinations "must be supported by specific, cogent
4  reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation omitted). In
5  evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must
6  specifically identify what testimony is credible and what evidence undermines the
7  claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting*
8  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick,*
9  *supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th
10 Cir. 1996) (citation omitted). The ALJ may consider "ordinary techniques of credibility
11 evaluation," including the claimant's reputation for truthfulness and inconsistencies in
12 testimony regarding symptoms, and may also consider a claimant's daily activities,
13 *Smolen, supra*, 80 F.3d at 1284 (citations omitted).
14

15     The determination of whether or not to accept a claimant's testimony regarding
16 subjective symptoms requires a two-step analysis.  20 C.F.R. §§ 404.1529, 416.929;
17 *Smolen*, *supra*, 80 F.3d at 1281-82 (*citing Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir.
18 1986)).  First, the ALJ must determine whether or not there is a medically determinable
19 impairment that reasonably could be expected to cause the claimant's symptoms. 20
20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82.  In this case, the
21 ALJ concluded, among other things, that with regard to plaintiff's heart condition, that
22 this impairment could not reasonably be expected to cause the alleged symptoms that
23 plaintiff asserted (Tr. 29).  Plaintiff argues that the ALJ failed to address plaintiff's other
24

1  severe impairments, specifically, his degenerative disc disease, when discounting

2  plaintiff's credibility (ECF No. 13, page 16).

3       Plaintiff correctly points out that once a claimant produces medical evidence of an

4  underlying impairment, the ALJ may not discredit the claimant's testimony as to the

5  severity of symptoms based solely on a lack of objective medical evidence to corroborate

6  fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir.

7  1991) (*en banc*) (*citing Cotton, supra*, 799 F.2d at 1407).  Absent affirmative evidence

8  that the claimant is malingering, the ALJ must provide specific "clear and convincing"

9  reasons for rejecting the claimant's testimony. *Smolen, supra*, 80 F.3d at 1283-84 (*citing*

10  *Dodrill, supra*, 12 F.3d at 917); *Reddick, supra*, 157 F.3d at 722 (*citing Lester v. Chater*,

11  81 F.3d 821, 834 (9th Cir. 1996); *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir.

12  1989)).

13       In this case, the ALJ relied on x-rays of plaintiff's lumbar spine in April of 2010

14  that showed plaintiff had "primarily . . . mild findings" (Tr. 29 (*citing* Tr. 330)).  Thus,

15  "the objective medical evidence does not support the claimant's allegations, which

16  undermines the claimant's credibility" (*id.*).  But this was not a complete reading of the

17  x-ray result, which noted that plaintiff had "mild to moderate diffuse spondylolysis," and

18  "minimal to mild bilateral chronic sacroiliitis" (Tr. 330).  And Dr. Staker either reviewed

19  these x-rays or conducted his own studies, and concluded in August of 2010 that

20  "Lumbar x-rays show moderate scoliosis.  There is marked narrowing at L5-S1, moderate

21  narrowing at L4-L5.  Cervical spine shows multilevel degenerative narrowing and

22  degenerative spur from C2 through C7" (Tr. 354).  Examining physician Dr. Staker

concluded that these objective findings were consistent with plaintiff symptoms of pain and supported Dr. Staker's conclusion that plaintiff should be limited to sedentary or very light work (Tr. 355). The ALJ failed to comment on this particular x-ray finding and, as noted above, failed to provide specific and legitimate reasons for rejecting Dr. Staker's opinion. Therefore, the x-ray finding relied on by the ALJ does not provide a clear and convincing reason for rejecting plaintiff's subjective complaints of pain.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities  . . . .  does not in any way detract from [his] credibility as to [his] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (*quoting Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (*citing Fair, supra*, 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination. *Orn, supra*, 495 F.3d at 639 (*quoting Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

In this case, the ALJ was not citing the activities of daily living for purposes of evaluating transferable work skills. Instead, the ALJ made clear that he used these activities to discredit the testimony of disabling symptoms. As noted by the ALJ in a footnote on page 29:

1

2

Activities generally, that is, absent a specific finding of transferability to a work setting, may discredit testimony of disabling symptoms (20 CFR 404.1529(c)(3)(i); 416.929(c)(3)(i)) (other citations omitted).

. . . .

3

4

To the extent that there are variances between the earlier reports of record and those at the hearing, I choose to accord greater weight to the claimant's reports prior to the hearing.

5

(Tr. 29-30 n.7).

6

7

8

9

10

11

12

13

The references to plaintiff performing household chores, however, such as cleaning, going out on a daily basis, grocery shopping and going to church, do not reflect a higher level of activity than plaintiff's testimony at the hearing.  In fact, the ALJ provides no specific findings that plaintiff's testimony at the hearing was at all inconsistent with plaintiff's reported activities.  Therefore, the ALJ's reference to plaintiff's activities of daily living as a reason to discount plaintiff's credibility is not supported by substantial evidence in the record.

14

15

16

17

18

19

20

21

22

**(3)      Whether or not the ALJ improperly evaluated lay witness statements.**

Plaintiff argues that the ALJ rejected the lay witness statements from plaintiff's friends, Ethel Taylor (Tr. 196-203) and Victoria Glover (Tr. 215).  The ALJ gave "little to no weight" to these opinions because of a finding that they were "inconsistent with claimant['s] own statements regarding his activity levels" (Tr. 33 (*citing* Tr. 165-172)).  Although the ALJ cited plaintiff's function report, the ALJ did not state how it was inconsistent with these lay statements.  In fact, the statements are almost entirely consistent regarding plaintiff's level of inactivity.

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 16

1    Pursuant to the relevant federal regulations, in addition to "acceptable medical

2  sources," that is, sources "who can provide evidence to establish an impairment," 20

3  C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members,

4  who are defined as "other non-medical sources" and "other sources" such as nurse

5  practitioners, therapists and chiropractors, who are considered other medical sources, *see*

6  20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec*., 613 F.3d 1217, 1223-

7  24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR"

8  06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion

9  evidence provided by "other sources," characterized by the Ninth Circuit as lay

10  testimony, "if the ALJ 'gives reasons germane to each witness for doing so." *Turner,*

11  *supra*, 613 F.3d at 1224 (*quoting Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see*

12  *also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). This is because in

13  determining whether or not "a claimant is disabled, an ALJ must consider lay witness

14  testimony concerning a claimant's ability to work."  *Stout v. Commissioner*, *Social*

15  *Security Administration*, 454 F.3d 1050, 1053 (9th Cir. 2006) (*citing Dodrill v. Shalala*,

16  12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) and (e), 416.913(d)(4) and

17  (e)).

18    Here, Ms. Taylor's function report was largely consistent with plaintiff's

19  testimony, such as his ability to attend to his personal hygiene; that he suffered pain in his

20  lower back, shortness of breath, an inability to walk for an extended period; and that he

21  suffered from an inability to stand for a long period of time (*see generally,* Tr. 196-203).

22  These statements are almost entirely consistent with plaintiff's own function report (*see*

Tr. 165-172).  Ms. Glover's one-page letter did not describe any of plaintiff's activities in great detail and, similarly, is not inconsistent with plaintiff's statements (*see* Tr. 215).

Therefore, the ALJ failed to give reasons germane to each lay witness's testimony, and his conclusion is not supported by substantial evidence in the record.

This testimony must also be re-evaluated on remand.

**(4)     Whether or not the ALJ conducted an improper analysis at steps four and five.**

Because the medical evidence, credibility and lay testimony all will need to be reevaluated on remand, it will be necessary for the ALJ to reevaluate his analysis at steps four and five, assuming that these steps are reached during the sequential disability evaluation process following remand of this matter.   Therefore, further discussion regarding these issues is not necessary.

<u>CONCLUSION</u>

Although plaintiff has requested an immediate award of benefits, generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292. Furthermore, the decision whether to remand a case for additional evidence or simply to award benefits is within the discretion of the court.   *Swenson v.*

1  *Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) (*citing Varney v. Secretary of HHS*, 859 F.2d

2  1396, 1399 (9th Cir. 1988)).

3      Therefore, based on the above reasons, and the relevant record, the undersigned

4  recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence

5  four of 42 U.S.C. § 405(g) to the Commissioner for further consideration.  **JUDGMENT**

6  should be for **PLAINTIFF** and the case should be closed.

7      The ALJ erred in evaluating the medical evidence, erred in evaluating the lay

8  evidence and erred in evaluating plaintiff's credibility and testimony. All of this evidence

9

10  should be evaluated anew following remand of this matter.

11      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

12  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R.

13  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for

14  purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).

15  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the

16  matter for consideration on February 28**,** 2014, as noted in the caption.

17      Dated this 6th day of February, 2014.

18

19

20  J. Richard Creatura
    United States Magistrate Judge

21

22

23

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 19